UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONI L. FIORE,

    Plaintiff,  CIVIL ACTION NO. 10-10208
v.  DISTRICT JUDGE GERALD E. ROSEN
       MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on September 16, 2006, alleging that she had become disabled and unable to work on September 28, 2007, at age 49, due to severe back pain, chronic fatigue and mental depression. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on September 9, 2008, before Administrative Law Judge (ALJ) William Thompson. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work, which did not involve climbing ladders, ropes or scaffolding. The Law Judge further restricted claimant to simple jobs that did not require exposure to moving machinery or unprotected heights. She could have only minimal contact with the public and co-workers. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of

benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 51 years old at the time of the administrative hearing (TR 109). She had graduated from college with a master's of science degree in nursing (TR 25). Claimant had been employed during the relevant past as an adjunct lecturer and nurse supervisor (TR 143-145). As a nurse, she was required to be on her feet for most of the work day. She had to constantly handle and grasp large objects. She was required to lift about 25 pounds on a regular basis (TR 153-155).

Claimant stopped working in June 2006, when she was no longer able to perform the heavy lifting required for clinical work at the community college where she lectured (TR 25). Pain medications allegedly proved ineffective, and caused such side-effects as impaired concentration and chronic fatigue (TR 30). Plaintiff explained that back pain radiated into her right hip and right leg, which made standing and walking for extended periods nearly impossible (TR 29). She claimed that she was forced to lie down for several hours each day in order to get any pain relief (TR 31). Other impairments which prevented Plaintiff from returning to work included mental depression, chronic anxiety and a panic disorder (TR 32-33).

A Vocational Expert classified Plaintiff's past work as medium, skilled activity, which did not impart any transferable skills to light or sedentary work (TR 40). The witness testified that there were no jobs for claimant to perform if her testimony were fully accepted[1]

---

[1] The witness opined that, if claimant was required to lie down for most of the day, all work activity would be precluded (TR 41).

(TR 41). If she were capable of light work, however, there were numerous unskilled clerical and housekeeping jobs that she could perform with minimal vocational adjustment (TR 42). These simple, routine jobs did not require climbing stairs, ropes or scaffolds, and would not expose her to moving machinery, unprotected heights or the general public (TR 41).

ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of degenerative joint disease and mental depression, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain prevented her from climbing stairs, ropes and scaffolds. She was also limited to simple instructions and to relatively restricted contact with the public and co-workers. Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions

3

of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she retained the residual functional capacity for light work activity. She claims that the ALJ erred in weighing the evidence, and gave insufficient weight to combined effects of her impairments. Defendant counters that the ALJ did not unreasonably reject claimant's credibility, and that the Plaintiff failed to corroborate her disability claim with objective clinical evidence demonstrating her inability to perform light work for a continuous period of twelve months.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work. Contrary to Plaintiff's assertion, the medical evidence did not support her allegation of totally disabling joint pain or mental depression. The ALJ's decision was consistent with the specific limitations imposed by physicians of record.

4

Dr. Eric Straka, a treating physician, reported in July 2006, that Plaintiff' back pain would not prevent her from returning to her past job on a full time basis after a month of complete rest. The treating doctor suggested that the claimant avoid heavy lifting, and not engage in repeated bending, crawling or climbing (TR 241-242). Dr. Marc Strickler, another treating source, recommended in September 2006, that Plaintiff undergo physical therapy for her back pain. Dr. Strickler opined that the therapy would "give her a good chance for stabilization" (TR 248).

Conservative back treatment was apparently successful in relieving claimant's back discomfort. Dr. Holly Fanjoy, a consultative examiner, reported in January 2008, that Plaintiff walked with a moderate right-sided limp. However, she did not require an assistive device (TR 449). Claimant was able to get on and off the examining table without difficulty. There was no evidence of neurological abnormalities (TR 450). Manual dexterity was not impaired, and she had full grip strength (TR 450).

Dr. Straka completed a form in May 2008, in which he indicated that Plaintiff was not totally disabled. The doctor believed that she could engage in sedentary work (TR 520). Claimant has never been hospitalized for her impairments. As noted by the ALJ, medications were effective when she took them as prescribed (TR 15). Physical examinations were generally unremarkable (TR 233, 247-248, 311, 367-368, 448-449).

When evaluating Plaintiff's residual physical and mental functional capacity, the Administrative Law Judge also took into consideration the opinions of two state agency consultants[2], who concluded in February 2008, that the claimant could perform a restricted

---

[2]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2010).

5

range of light work, despite her joint pain and periodic depression (TR 461-468, 469-486). There was no objective medical evidence suggesting that Plaintiff needed to rest frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by restricting her to jobs that did not involve climbing stairs, ladders, ropes or scaffolding. The ALJ further found that Plaintiff could not work around hazardous machinery or heights (TR 14).

The ALJ reasonably accommodated Plaintiff's mental difficulties by limiting her to simple, routine tasks performed in a non-stressful work environment. She could not have close contact with the general public or co-workers (TR 14). The claimant had been able to work as an adjunct faculty member at a community college in 2007, despite her joint pain and depression. Plaintiff acknowledged being able to perform the light duty aspects of the teaching job. She only quit working at the college when she "ultimately had to do heavy clinical work." (TR 25). This suggests that claimant retains the ability to maintain attention and concentration for extended periods[3].

By establishing that she could not return to her past relevant work, the Plaintiff effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question

---

[3]Contrary to Plaintiff's assertion that her depression was severe enough to meet section 12.04 (Affective Disorders) of the Listing of Impairments, she did not have marked restrictions in daily living, sustaining social functioning or maintaining concentration, persistence or pace. There was also no evidence of repeated episodes of decompensation for extended periods, or an inability to adjust to even minimal workplace changes. As a result, the record failed to indicate that Plaintiff met or equaled section 12.04 of the Listing of Impairments.

that took into consideration claimant's educational and vocational background, along with her significant impairments, the Vocational Expert testified that there were numerous unskilled clerical and housekeeping jobs that she could perform with minimal vocational adjustment (TR 41). These simple, routine jobs did not require climbing stairs, ropes or scaffolds. Claimant would not be exposed to the general public or co-workers (TR 41). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity[4].

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505

---

[4]Contrary to Plaintiff's assertion that she would have been found disabled under the Medical-Vocational Guidelines given her age and residual functional capacity for sedentary work activity (Plaintiff's Brief in Support of Summary Judgment at pp 5-6), the guidelines are only utilized when the claimant is capable of a full range of substantial gainful activity. Hurt v. Secretary, 816 F.2d 1141, 1143 (6th Cir. 1987); Kirk v. Secretary, 667 F.2d 524, 528-529 (6th Cir. 1981). Because claimant could not perform a full range of light or sedentary work (i.e. an inability to perform many postural duties and a restriction on closely working with the general public or co-workers), her characteristics did not precisely fit the pattern of the medical vocational guidelines and the ALJ was required to make a non-guideline determination. Kirk, 667 F.2d at 531.

(6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: August 31, 2010

_____

### CERTIFICATE OF SERVICE

I hereby certify on August 31, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 31, 2010: **None.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217