UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONI L. FIORE,

       Plaintiff,

v.

       Case No. 10-10208
       Hon. Gerald E. Rosen
       Magistrate Judge Donald A. Scheer

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       March 22, 2011

PRESENT: Honorable Gerald E. Rosen
                Chief Judge, United States District Court

On August 31, 2010, Magistrate Judge Donald A. Scheer issued a Report and Recommendation ("R & R") recommending that the Court grant the Defendant Commissioner of Social Security's motion for summary judgment and deny Plaintiff Toni L. Fiore's motion for summary judgment. On September 14, 2010, Plaintiff filed objections to the R & R. The Court has now reviewed the R & R, Plaintiff's objections, the parties' underlying motions, and the record as a whole. For the reasons set forth briefly below, the Court finds no merit in Plaintiff's objections, and therefore adopts the Magistrate Judge's R & R as the opinion of this Court.

Plaintiff appears to advance two objections to the R & R.  First, he contends that the Magistrate Judge erred in finding a substantial evidentiary basis for the determination of the Administrative Law Judge ("ALJ") that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of light work.  In support of this challenge, Plaintiff points to the opinions of her treating physicians, Dr. Marc Strickler and Dr. Eric Straka.  Yet, while Dr. Strickler opined in an October 13, 2007 report that Plaintiff could lift less than ten pounds, (*see* Admin. Record at 452), the ALJ determined that this degree of limitation was not supported by the medical record, where Plaintiff's back condition was treated conservatively, medications and physical therapy had been "relatively effective," and there was no evidence that she had been hospitalized or received "significant active care" for her back impairments.  (*Id.* at 15.)  In addition, the ALJ pointed to —  and credited, as "based upon a thorough review of the evidence" and as "well-supported by the medical evidence," (*id.* at 17) — an assessment completed by a state medical consultant, Dr. Muhammad Ahmed, in which he opined that the medical record did not support Dr. Strickler's limitation of Plaintiff to lifting less than ten pounds.  (*Id.* at 467.)  This record provides substantial support for the ALJ's decision not to incorporate Dr. Strickler's lifting restriction into the determination of Plaintiff's RFC.

Turning to the opinion of Dr. Straka, this opinion tends to support, rather than undermine, the ALJ's determination that Plaintiff was capable of performing a limited range of light work.  While Dr. Straka stated in a July 2006 report that Plaintiff could not lift more than ten pounds, he opined that this limitation was only temporary, and that

Plaintiff could be expected to return to full-time work and her prior level of functioning within a month. (*See id.* at 241-42.) While Dr. Straka later stated in a May 2008 report that Plaintiff was limited to sedentary work, (*see id.* at 520), the Defendant Commissioner aptly observed in his underlying motion that this limitation was not based upon any independent assessment and was not, in fact, "Dr. Straka's opinion at all," (Defendant's Motion, Br. in Support at 16), but rather explicitly rested upon the opinion of Dr. Strickler. Thus, the ALJ cannot be said to have failed to defer to Dr. Straka's opinion that Plaintiff was limited to sedentary work, because the doctor never offered such an opinion.

Finally, Plaintiff suggests that a proper use of the Medical-Vocational Guidelines would have led the ALJ to conclude that she was disabled. Yet, this argument rests on the incorrect premise that the ALJ should have found Plaintiff limited to sedentary work. Because the ALJ instead found that Plaintiff was capable of performing a limited range of light work, the ALJ correctly observed that the Guidelines actually would have directed a finding of ***not*** disabled, but for the determination that Plaintiff could not perform the full range of light work. (*See* Admin. Record at 18.) Because Plaintiff was found to be capable of performing only a limited range of light work, the ALJ found that the Guidelines were not determinative, and that it was necessary to consider the testimony of a vocational expert. (*See id.*) Plaintiff has not explained how the ALJ erred in this analysis, but merely quarrels with the Magistrate Judge's observation (in a footnote) about how the Guidelines might have applied if Plaintiff had been found capable of performing only a limited range of sedentary work. (*See* R & R at 7 n.4.) Because that is

3

not the case here, the Court need not address this matter.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's August 31, 2010 Report and Recommendation, as supplemented by the above rulings, is ADOPTED as the opinion of this Court. IT IS FURTHER ORDERED that, for the reasons stated in the R & R and set forth above, Defendant's motion for summary judgment (docket #17) is GRANTED, and Plaintiff's motion for summary judgment (docket #12) is DENIED.

                                         s/Gerald E. Rosen
                                         Chief Judge, United States District Court

Dated: March 22, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2011, by electronic and/or ordinary mail.

                                         s/Ruth A. Gunther
                                         Case Manager